IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD DIGIACOMO, *et al.* : CIVIL ACTION
:
v. :
:
SCOTTSDALE INSURANCE COMPANY : NO. 10-709

MEMORANDUM

Fullam, Sr. J. January 24, 2011

      The plaintiffs in this insurance coverage dispute rented a property in Philadelphia to an individual named Conrad Stipp, who operated an automobile dismantling business on the premises from March of 2006 until August or September of 2008. Mr. Stipp, who is not a party to the litigation, obtained Comprehensive General Liability policies from the defendant insurance company in 2006 and 2007. By amendatory endorsement, the plaintiffs were added as additional insureds to the policies beginning on September 7, 2006. When Mr. Stipp vacated the property in 2008, the plaintiffs allege that he left behind considerable damage to the building and debris outside that drew the attention of the City of Philadelphia for various code violations and of the Pennsylvania Department of Environmental Protection for possible soil or groundwater contamination.

      The plaintiffs allege in the complaint that the insurer is required to pay for the extensive repairs to the building and property, and that the defendant acted in bad faith in refusing

to do so. The defendant filed a counterclaim in which it seeks a declaratory judgment that it has no obligation under the policies. The defendant has now moved for summary judgment on the complaint and the counterclaim.

The policies in question, one issued for 2006-2007 and the other for 2007-2008, contain identical provisions upon which the defendant rests its argument that the policies exclude coverage of the plaintiffs' losses. Specifically, the policies exclude coverage for: property damage to premises rented to or owned by the insured unless the premises are rented for a period of seven or fewer consecutive days (here, Mr. Stipp rented the premises for more than two years); property damage caused by pollutants; and damage not caused by an occurrence (defined as an accident). Taken together, these provisions, which are not ambiguous, compel summary judgment in the defendant's favor on the plaintiffs' claim for reimbursement and indemnification for the damage allegedly caused by Mr. Stipp. The plaintiffs argue that there are genuine issues of material fact to be determined at trial, but do not identify what those issues might be. They provide no evidence, for example, that the damage to the property was accidental, and from the deposition testimony, the plaintiffs were aware that Mr. Stipp operated an auto salvage yard.

The plaintiffs do cite two provisions of the policies: the declaration pages of the policies that set forth a $100,000 limit

for damages to premises rented to the insured, and the endorsement adding the plaintiffs as additional insureds that amends the named insureds of the policies to include the plaintiffs with respect to liability arising out of the ownership of the premises.  However, the declarations and endorsements are subject to the terms of the policies, and the endorsements include a provision that the insurance does not apply to structural alterations, new construction or demolition operations performed by the additional insureds.  In short, the insurer has no obligation to defend or indemnify the plaintiff in connection with the remediation of the property, and did not act in bad faith in denying coverage.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.